**UNITED STATES of America,** **Plaintiff–Appellee,**

v.

**George DARDEN, Defendant–** **Appellant.**

**No. 14–5537.**

United States Court of Appeals, Sixth Circuit.

July 6, 2015.

Before: SUTTON and DONALD, Circuit Judges; ZOUHARY, District Judge.*

*ORDER*

PER CURIAM.

George Darden received a career offender enhancement under United States Sentencing Guideline § 4B1.1. At issue is whether one of Darden's previous convictions qualifies as a "crime of violence" under the residual clause of § 4B1.2(a)(2).

---

* The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

*See* Appellee's Br. 7. In *Johnson v. United States,* No. 13–7120, —— U.S. ——, 135 S.Ct. 2551, —— L.Ed.2d ——, 2015 WL 2473450 (U.S. June 26, 2015) (slip op. at 10, 15), the Supreme Court held that the identically worded residual clause of the Armed Career Criminal Act is void for vagueness. *Compare* U.S.S.G. § 4B1.2(a)(2) *with* 18 U.S.C. § 924(e)(2)(B)(ii). We have previously interpreted both residual clauses identically, *see United States v. Ford,* 560 F.3d 420, 421 (6th Cir.2009); *United States v. Houston,* 187 F.3d 593, 594–95 (6th Cir.1999), and Darden deserves the same relief as Johnson: the vacating of his sentence. Indeed, after *Johnson,* the Supreme Court vacated the sentences of offenders who were sentenced under the Guidelines' residual clause. *United States v. Maldonado,* 581 F. App'x 19, 22–23 (2d Cir.2014), *vacated,* 576 U.S. ——, —— S.Ct. ——, —— L.Ed.2d —— (2015); *Beckles v. United States,* 579 Fed.Appx. 833, 833–34 (11th Cir.2014), *vacated,* 576 U.S. ——, —— S.Ct. ——, —— L.Ed.2d —— (2015). The same relief is appropriate here.

For these reasons, we vacate the judgment and remand for reconsideration in light of *Johnson v. United States.*